UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACO ASSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER J. HANSON, D.C., <br><br> Defendant. | Case No. C17-649RSL <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on "Defendant Peter J. Hanson, D.C.'s Motion for Leave to File First Amended Answer and Counterclaims." Dkt. # 23. Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court GRANTS defendant's motion.

On July 14, 2016, State Farm filed a lawsuit against Dr. Peter Hanson. See State Farm Mut. Aut. Ins. Co., *et al.* v. Peter J. Hanson, *et al.*, No. C16-1085RSL (W.D. Wash.). Dr. Hanson's insurer, PACO, agreed to defend the lawsuit under reservation of rights. On April 25, 2017, PACO filed the instant action asking this Court to declare that PACO has no duty to defend Dr. Hanson in the State Farm litigation.

PACO appointed two attorneys from the firm Merrick, Hofstedt & Lindsey, P.S. to represent Dr. Hanson. Dr. Hanson also hired Andrew Baratta, a Philadelphia attorney who specializes in defending chiropractors against insurance companies, to assist in his defense. Dr. Hanson claims that PACO is obligated to pay Mr. Baratta's fees, but PACO refuses.[1] Now Dr. Hanson moves for leave to file an amended answer to add counterclaims related to PACO's alleged bad faith, including violations of Washington's Consumer Protection Act and Insurance Fair Conduct Act.[2]

"The Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers a number of factors in making this determination, including the following: undue delay, bad faith, repeated failures to cure deficiencies in previous amendments, undue prejudice to the opposing party, and futility. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit recognizes that of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[1] PACO did initially pay $26,970.70 for Mr. Baratta's fees, but PACO later asserted that the payment was issued in error and asked for the money to be returned. Dkt. # 23 at 3.
[2] In his motion filed on October 4, 2017, defendant notes his plan to send a letter to PACO to provide notice of his intent to file a claim under Washington's Insurance Fair Conduct Act. Dkt. # 23 at 3-4. Per RCW 48.30.015(8), that claim cannot be pleaded until 23 days after sending the letter. The Court assumes that defendant's letter was promptly sent so that the amended answer will include an IFCA claim without requiring additional leave to file another amended answer.

ORDER GRANTING
DEFENDANT'S MOTION
FOR LEAVE TO AMEND - 2

PACO does not argue that it would be prejudiced if defendant is granted leave to amend. Instead, PACO asserts that its pending summary judgment motion establishes that there is no duty to defend, and therefore the proposed amended answer is futile as a matter of law. Dkt. # 24 at 5. As there has been no ruling on the summary judgment motion, however, the Court is not convinced that defendant's proposed amendments are futile. Additionally, defendant may be able to assert claims for bad faith and violations of the Consumer Protection Act even if there is no duty to defend. See St. Paul Fire & Marine Ins. Co. v. Onvia, Inc., 165 Wn.2d 122 (2008).

Because there has been no showing of prejudice, and there has not been a strong showing of futility or any of the other Foman factors, defendant's motion (Dkt. # 23) is GRANTED.

DATED this 13th day of December, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge