UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
PACO ASSURANCE COMPANY, INC.,     )
                                  )    Case No. C17-0649RSL
                   Plaintiff,     )
      v.                          )
                                  )    ORDER DENYING MOTION FOR
PETER J. HANSON,                  )    SUMMARY JUDGMENT
                                  )
                   Defendant.     )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment." Dkt. # 18. Plaintiff PACO provided Chiropractic Professional Liability coverage to defendant Hanson in 2011 and 2012. Hanson was accused of submitting misleading, false, and/or fraudulent bills and supporting documentation in order to obtain Personal Injury Protection ("PIP") payments from State Farm, his patients' auto insurance company. He tendered the defense of the claim to PACO, which agreed to defend under a full reservation of rights. PACO filed this lawsuit to obtain a declaration regarding its defense obligations.

The Court, having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] finds as follows:

PACO agreed to indemnify Hanson for all sums he becomes obligated to pay as damages as a result of claims made during the policy period "because of malpractice committed by"

---

[1] This matter can be resolved on the papers submitted. PACO's request for oral argument is DENIED.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

Hanson. Dkt. # 19 at 32-33. "Malpractice" is not defined in the policy, but "malpractice incident" means "any act, error, or omission by the Insured in the providing of or failure to provide professional services." Dkt. # 19 at 34. "Professional services" are defined as "those services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed." Dkt. # 19 at 35.

> In Washington, insurance policies are construed as contracts. An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance. If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. If the clause is ambiguous, however, extrinsic evidence of intent of the parties may be relied upon to resolve the ambiguity. Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured. A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.

Panorama Village Condominium v. Allstate Ins. Co., 144 Wn.2d 130, 137 (2001) (quoting Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665-66 (2000)) (internal quotation marks omitted).

In this case, Hanson, as the insured, has the burden of showing that the claims asserted in the underlying litigation trigger the insuring provisions of the agreement. Moeller v. Farmers Ins. Co. of Wash., 173 Wn.2d 264, 271-72 (2011). The insurer's duty to defend is broader than the duty to indemnify, however, because it is triggered by the mere potential for liability: if the complaint against the insured alleges facts which could, if proven, impose liability that falls within the coverage provision, the duty to defend arises. Expedia, Inc. v. Steadfast Ins. Co., 180 Wn.2d 793, 802-03 (2014). Any ambiguities in the complaint must be liberally construed in favor of triggering the insurer's duty to defend. Woo v. Fireman's Fund Ins. Co., 161 Wn.2d 43, 53 (2007). "Only if the alleged claim is clearly not covered by the policy is the insurer relieved of its duty to defend." Truck Ins. Exchange v. Vanport Homes, Inc., 147 Wn.2d 751, 760 (2002).

The parties fundamentally disagree regarding the nature of the claims asserted by State Farm against Hanson in the underlying lawsuit. PACO argues that State Farm seeks damages arising from fraudulent billing practices that are not professional services and therefore do not involve a covered malpractice incident. Hanson, on the other hand, argues that State Farm is challenging his chiropractic treatment decisions when it alleges that the medical care provided to its insureds was not reasonable or necessary.

Hanson has the better of this argument. State Farm is not only alleging that Hanson billed for services he did not perform (which is the type of fraudulent billing practice generally at issue in the cases on which PACO relies), but also alleges that Hanson provided treatment that was not medically necessary and/or was not reasonable given the diagnoses and medical records. In particular, Hanson is accused of utilizing a predetermined treatment plan whenever a patient was eligible for no-fault benefits under a State Farm policy. State Farm alleges that this treatment plan was not designed "to appropriately examine, diagnose, and provide medically necessary services to benefit each individual plaintiff" but rather to enrich Hanson by exploiting available insurance benefits. See, e.g., Dkt. # 19 at 5. The complaint contains allegations regarding an appropriate treatment plan for patients with non-specific neck and back pain and compares that to the treatment provided by Hanson. State Farm also alleges that Hanson over-treated patients, including the overuse of x-rays. These allegations, liberally construed, place at issue the appropriateness of the professional services Hanson provided to State Farm's insureds. In order to prove its allegations, State Farm will have to show that the treatment plan was not only consistent (which would likely not be enough to establish either fraud or unjust enrichment), but also fell below the standard of care in some respect. Hanson, for his part, will defend the case by defending his treatment choices and protocols. The dispute involves alleged errors or omissions in the services provided by a chiropractor and therefore triggers the coverage provisions of the

policy.[2]

If PACO hopes to avoid coverage, it has the burden of showing that "the loss is excluded by specific policy language." McDonald v. State Farm Fire and Cas. Co., 119 Wn.2d 724, 731 (1992). "Exclusions from coverage are strictly construed against the insurer because they are contrary to the protective purpose of insurance." Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc., 132 F. Supp.3d 1275, 1286 (W.D. Wash. 2015) (citing Stuart v. Am. States Ins. Co., 134 Wn.2d 814, 818-19 (1998)). PACO identifies five exclusions which it believes apply in this case.

(1) Intentional Acts

Exclusion (a) makes the policy inapplicable "to any claim based upon or arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful acts, errors, or omissions intentionally committed by or at the direction of the Insured." Dkt. # 19 at 35. In addition to a common law fraud claim, State Farm asserts that Hanson was unjustly enriched, a claim which can be proven without regard to intent. PACO has not shown that this exclusion applies to all of the related claims, and there is no right of allocation under Washington law. See Bordeaux, 145 Wn. App. at 698.

(2) Violation of Law or Ordinance

Exclusion (c) makes the policy inapplicable "to any act committed in violation of any law or ordinance." Dkt. # 19 at 35. State Farm's unjust enrichment claim can be proven without evidence of illegal conduct. PACO has not shown that this exclusion applies.

---

[2] PACO's focus on the term "damages" is unavailing. State Farm alleges that Hanson's treatment plan was unreasonable and/or medically unnecessary and that it was damaged thereby. There is no policy limitation regarding the identity of the claimant: if PACO had intended to limit coverage to claims brought by patients, it could have done so.

To the extent State Farm seeks declaratory relief (as opposed to a monetary award), the claim is reasonably related to the fraud and unjust enrichment claims that trigger the duty to defend. An insurer has no right to allocate defense costs between related covered and uncovered claims. Bordeaux, Inc. v. Am. Safety Ins. Co., 145 Wn. App. 687, 698 (2008).

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT                -4-

1    (3) Intentional Falsification of Healthcare Records

Exclusion (ee) makes the policy inapplicable "to any liability of any Insured arising out of intentionally falsifying, destroying or obliterating healthcare records or other documents or evidence." Dkt. # 19 at 37. As discussed above, Hanson could incur liability in the underlying litigation without a showing of intent. In addition, State Farm's claims do not necessarily involve the falsification or destruction of healthcare records or other documents of that kind.

(4) Actual Gain of Personal Profit

Exclusion (ff)(2) states that there is no coverage for "any claim alleged to be caused by ... an Insured's actual gain of personal profit, or advantage to which the Insured is not legally entitled." Dkt. # 19 at 37. The parties have not identified, and the Court has not found, a case interpreting this exact language, but courts faced with similar language conclude that the exclusion applies only after there is an authoritative determination, not merely an allegation, that the insured has wrongfully profited. See N. Seattle Cmty. College Found. v. Great Am. E&S Ins. Co., C09-1259RAJ, 2010 WL 724584, at *5 (W.D. Wash. Mar. 1, 2010) (policy exclusion for "any claim based upon or arising out of ... the Insured gaining in fact any personal profit, or advantage to which such Insured was not legally entitled"); Va. Mason Med. Ctr. v. Exec. Risk Indem. Inc., C07-0636MJP, 2007 WL 3473683, at *4-5 (W.D. Wash. Nov. 14, 2007) (policy exclusion for "[c]laims brought about or contributed to in fact ... by an Insured gaining any profit, remuneration or advantage to which such Insured was not legally entitled").

(5) Payments Held by the Courts to be in Violation of the Law

Exclusion (ff)(3) excludes from coverage "any claim alleged to be caused by ... remuneration paid to an Insured if such payment is held by the courts to be a violation of the law." No such finding has yet been made.

//

For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt. # 18) is DENIED.

Dated this 27th day of February, 2018.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge